## SUTTON *v.* POPE.

The petition set out a cause of action for specific performance, and the court erred in sustaining a general demurrer and in dismissing the petition.

No. 2476. DECEMBER 15, 1921.

Equitable petition. Before Judge Shurley. Wilkes superior court. February 8, 1921.

J. B. Sutton filed a petition against M. C. Pope, to compel specific performance of a parol contract for the purchase of three separate town lots of land, Nos. 9, 14, and 15, the petition in substance alleging, that the price agreed upon between the parties was $100 each for lots Nos. 14 and 15, and $50 for lot No. 9, a total of $250; that the plaintiff desired to build a residence on the lots, and so informed the defendant, and bought the same adjoining other property of plaintiff, and joined all of the lots into one of a size suitable for his necessities as a residence and for outhouses and garden. Acting on the contract made with the defendant the plaintiff erected a dwelling worth $4,000 on the tract, and began to cultivate the rest of the tract, and has had possession of same during said time. He had acquired other lots adjoining the three bought from defendant, and altogether

secured enough land sufficient for his necessities in building a dwelling and for his barnyard and outbuildings, and he erected the dwelling upon that part of the lot known as lot No. 14, and was about to erect a dwelling or outbuilding upon the other lots, Nos. 9 and 15. For the last year or more the defendant has been living in the house of plaintiff and has been in daily contact with him, and he has fully recognized plaintiff's plans, and has on several occasions ratified, admitted, and confirmed the trade by telling plaintiff that he could pay him for the lots at his pleasure, with the legal interest on the purchase-price. After petitioner had practically completed his seven-room dwelling, and desiring to secure a loan with which to paint his house and otherwise improve the lots, he informed the defendant that he was ready for the deed to the tract comprising lots Nos. 9, 14, and 15, and announced his readiness to pay the amounts he had agreed to pay him for the three lots, viz., $250, with interest from January 1, 1919, at 7 per cent. The defendant refused to carry out his contract which he had made for the sale of lots 9 and 15, and would only execute to plaintiff a deed to lot No. 14, for which plaintiff paid him the pro rata price of the purchase-money, and demanded a conveyance of title to the other two lots, which the defendant refused to execute. Plaintiff has been conducting a small farm in that part of Washington known as Barnett Park, in which the lots are situated, and would not commence his residence until he had acquired by purchase a sufficient number of lots to give him the area required, which was well known to defendant. Neither plaintiff nor defendant ever regarded lot No. 14 as a separate parcel of land, but on the contrary he threw lots 9, 14, and 15 into one tract; and in addition plaintiff acquired tracts from other parties adjoining those lots. Defendant has admitted the contract at different times since the making of the same, and has again and again informed plaintiff that he was prepared to fully execute titles to same; but after the plaintiff had erected his residence on the lot indicated, which was the first building constructed in that part of Barnett Park, the value of the adjacent lots was greatly increased, and the defendant knowingly and fraudulently has rescinded the trade as to lots 9 and 15 because of the advance in the price of the property, which advance has been caused by the erection of plaintiff's dwelling; and the defendant's

contract to sell him the three lots altogether was the sole induce-ment of his erecting his dwelling. Plaintiff is able and willing to execute his contract to pay for the land, and the defendant is bound to specifically perform his part of the contract as to lots Nos. 9 and 15. If for any reason title can not be conveyed to him by the defendant, the plaintiff is entitled to have damages for a breach of the contract; and he alleges his damages to be $500, as the market value of the premises, which have increased by reason of the erection of his dwelling adjacent to the premises.

By an amendment to his petition the plaintiff alleges that the defendant has been for several years speculating and buying for resale lots in Barnett Park, and, failing to develop the property into a residential section, the lots which originally brought $150 each were thrown on the market at a great sacrifice, and plaintiff assisted the defendant in acquiring a number of the lots by locat-ing the owners and assisting in closing the trades. Both the plaintiff and defendant had acquired holdings of lots in Barnett Park, although at the time there had been no dwelling erected in that section; and as a direct inducement to plaintiff to purchase lots 9, 14, and 15 the defendant offered to sell the same to plain-tiff, provided he would erect a dwelling thereon and by living in said section would encourage others to do so, thus increasing the value of defendant's holdings; and he offered plaintiff the three lots at a small profit, so that he might have sufficient land on which to erect his dwelling and outbuildings. Plaintiff complied with his agreement and erected the dwelling and outbuildings, and requested defendant to attach a deed to the lots to a draft at the National Bank of Wilkes for the amount of principal and interest, giving the bank instructions to pay the same. He was closing a loan in order to complete his dwelling, which fact was known to the defendant, who, though making no denial of the purchase of the lots, when asked to present the deed, fraudulently took advantage of plaintiff's hurry in closing the loan, and omitted lots 9 and 15 from the deed, without informing plaintiff of this fact until after the draft for same had been paid. It was alleged that all of the lots were bought as one tract, the price of $250 being agreed on for the whole. The prayer of the petition was for specific performance on plaintiff's payment to the defendant of the purchase-price at such time and on such terms as the court

might prescribe, with legal interest; and, in the event the defendant could not convey the title, that damages be recovered for a breach of the contract.

The defendant. demurred to the petition, which demurrer was sustained, and the plaintiff excepted.

*Clement E. Sutton,* for plaintiff.

*W. A. Slaton* and *Norman & Norman,* for defendant.

HILL, J. (After stating the foregoing facts.) We think that the facts alleged in the foregoing petition set out a cause of action against the defendant; and if the plaintiff, on the trial of the case, sustains his petition by a preponderance of the evidence, that he will be entitled to recover a verdict and to have the defendant specifically perform his contract. It was alleged in the petition, that the plaintiff bought the three lots of land upon which to erect a dwelling, and a dwelling was erected on one of the lots; that all of the lots were bought as one tract, and the price of $250 was agreed upon for the whole; and that a part of the purchase price was paid. It was also alleged, that in consideration of the reduced price of the lots the plaintiff would erect a dwelling on the lots and would reside thereon in order to induce other buyers to purchase lots from the defendant; that plaintiff did comply with this agreement, erected a dwelling on the land purchased, and did live there as a home. We are of the opinion that the allegations of the petition are sufficient to entitle the plaintiff to specific performance of the alleged parol contract. We are aware of the rule that in such cases the contract must be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement. *Beall* v. *Clark,* 71 *Ga.* 818. We are of the opinion that under all the allegations of the petition the present case comes up to the general rule, and therefore that the court below erred in sustaining the demurrer and in dismissing the petition.

*Judgment reversed. All the Justices concur.*